*In re* M.W. *et al.*, Minors (M.W. *et al.*, Minors, Appellees; Gary Statler *et al.*, Petitioners and Intervenors-Appellants).

Third District  No. 3—91—0199

Opinion filed November 20, 1991.

Dean A. Stone, of Macomb, for appellants.

Joseph C. O'Donnell, of Macomb, for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The appellants, Gary and Ruth Statler, appeal from the denial of their emergency petition to intervene, stay and vacate order. We affirm.

This cause was originated by the State with the filing of petitions for adjudication of wardship of M.W., S.W. and W.I. The circuit court granted the petitions, finding the minors were abused and placing them in the temporary custody of the Illinois Department of Children and Family Services (DCFS). DCFS placed M.W. and S.W. in the foster care of the Statlers. Subsequently, a supplemental petition to terminate the parental rights of the minors' biological parents was filed. Following a hearing, the circuit court entered a judgment terminating the biological parents' parental rights.

On review this court reversed, finding the State had failed to establish by clear and convincing evidence that the parents were unfit, and that, consequently, the circuit court's judgment was against the manifest weight of the evidence. We remanded for further proceedings. In re M.W. (1990), 199 Ill. App. 3d 1050, 557 N.E.2d 959.

On remand, a hearing was held on January 9, 1991, on the biological parents' petitions for "Return of the Minor Children." Neither the Statlers nor the foster parents of W.I. were given notice of the hearing, nor were they present at the hearing. At the conclusion of the hearing, the circuit court granted the petitions and ordered the children returned to their parents. A written order to that effect was entered on February 11, 1991. However, on February 8, 1991, the Statlers filed their emergency petition to intervene. In the petition, the Statlers requested that they be allowed to intervene in the proceedings, that the order of January 9, 1991, be vacated, and that a new hearing be held so that they and representatives of DCFS could present evidence relating to the minors' best interest.

Following a hearing, the circuit court denied the Statlers' petition to intervene. However, the circuit court also vacated the order of Feb-

ruary 11, 1991, and set the cause for a status hearing. The instant appeal followed.

On appeal, the Statlers contend they were entitled to intervene as a matter of right and that the circuit court abused its discretion in denying intervention.

Under the facts presented, resolution of the above raised issues is governed by section 1—5(2) of the Juvenile Court Act of 1987 (the Act) (Ill. Rev. Stat. 1989, ch. 37, par. 801—5(2)), which provides in pertinent part:

> "Though not appointed guardian or legal custodian or otherwise made a party to the proceeding, any current or previously appointed foster parent or representative of an agency or association interested in the minor has the right to be heard by the court, but does not thereby become a party to the proceeding.
>
> In addition to the foregoing right to be heard by the court, any current foster parent of a minor and the agency designated by the court or the Department of Children and Family Services as custodian of the minor who has been adjudicated an abused or neglected minor under Section 2—3 or a dependent minor under Section 2—4 of this Act has the right to and shall be given adequate notice at all stages of any hearing or proceeding under this Act wherein the custody or status of the minor may be changed."

In this case, the Statlers had a right to notice and a right to be heard at the January 9, 1991, hearing. This is not to say that they had a right to intervene in the proceedings. Section 1—5(2) makes clear that though the foster parents have a right to notice and a hearing, they do not thereby become a party to the proceedings. Therefore, based on this statutory language, we find the Statlers were not entitled to intervene as a matter of right. Nor do we find the circuit court abused its discretion in denying the Statlers' petition to intervene.

In addition, we find the case law relied on by the Statlers distinguishable and of little relevance to the issues before us.

In *In re S.J.K.* (1986), 149 Ill. App. 3d 663, 500 N.E.2d 1146, the opinion notes the foster parents' petition to intervene was granted. However, there was apparently no challenge to the circuit court's ruling on the petition, and the fifth district did not address the propriety of this aspect of the proceedings. We note the foster parents in *S.J.K.* subsequently filed a petition requesting they be awarded custody and that the visitation rights of the biological mother be terminated. As a result, the foster parents were necessarily parties to the proceedings.

*In re Dively* (1979), 79 Ill. App. 3d 428, 398 N.E.2d 635, concerned the issue of the foster parents' standing under then section 5—8(3) of the Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—8(3) (currently part of Ill. Rev. Stat. 1989, ch. 37, pars. 802—28, 803—29, 804—26, 805—30)). The foster parents in *Dively* filed a petition which, *inter alia*, requested that the minor be placed with the petitioners. The second district noted that the foster parents' motion was in part dispositional in nature. The court found the foster parents had an interest in the minor within the terms of then section 5—8(3). Therefore, it was proper for them to request a change of custody. The court stated, "We note that section 5—8(3) does not declare persons interested in the minor to be nonparties as section 1—20(2) [the predecessor of section 1—5(2), quoted above] does as to foster parents, and we conclude that a person who is interested in the minor under section 5—8(3) is a party ***." *In re Dively* (1979), 79 Ill. App. 3d 428, 431, 398 N.E.2d 635, 637.

In the instant case, the Statlers have not petitioned the court requesting continued custody of the minors, and their only status in the proceedings is that of foster parents. At this point, their interest remains that of foster parents, and their rights *vis-a-vis* these proceedings are therefore governed by section 1—5(2) of the Act.

Given the requirements of section 1—5(2), the Statlers were erroneously denied their rights under the Act to have notice and to be heard at the January 9, 1991, hearing. We note the circuit court recognized this fact when it vacated the written order of February 11, 1991. Therefore the Statlers have been granted what they were basically asking for in their petition, *i.e.*, the opportunity to take part in the dispositional proceedings.

As an aside, we note our earlier opinion in this case should not be construed as ordering any particular finding by the circuit court. We found only that the State had failed to prove by clear and convincing evidence that the biological parents were unfit. On remand we fully expected a full hearing on the best interest of the children. Therefore, appellee is incorrect in asserting that the January 9, 1991, hearing was simply a formality to reconcile the circuit court's dispositional order of March 7, 1988, with this court's finding. Also, the January 9 hearing concerned the biological parents' petitions for return of the minors and not the State's action seeking to declare the parents unfit. Although part of the same proceedings, these are separate issues; therefore, our opinion would in no way address the issue before the circuit court.

In sum, a full best-interest hearing should have been held with all the appropriate persons and/or parties being notified and having an opportunity to be heard on the questions raised. We expect this to happen in any future proceeding concerning these children.

For the forgoing reasons, the judgment of the circuit court of McDonough County is affirmed.

Affirmed.

GORMAN and HAASE, JJ., concur.